**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

COLLINS & AIKMAN CORPORATION, *et al.*,

    Debtors.

_____/

Case No. 07-13464
Hon. Gerald E. Rosen

Bankr. Case No. 05-55927
Chapter 11
Hon. Steven W. Rhodes

COLLINS & AIKMAN CORPORATION, *et al.*,
    Plaintiffs,

v.

McMASTER-CARR SUPPLY CO.,
    Defendant.

_____/

Adversary Proc. No. 07-05328

**ORDER DENYING DEFENDANT'S
MOTION TO WITHDRAW REFERENCE**

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     October 29, 2007

    PRESENT: Honorable Gerald E. Rosen
                      United States District Judge

Defendant filed the present motion on August 17, 2007, requesting that this Court withdraw the reference of this adversary proceeding to the Bankruptcy Court. In support of this request, Defendant argues that "cause" exists under the permissive withdrawal provision set forth at 28 U.S.C. § 157(d) in light of Defendant's demand for a jury trial.

As this Court previously has recognized, a jury demand may constitute "cause" for withdrawing a reference because, under the law of this Circuit, the Bankruptcy Court is

not authorized to conduct a jury trial absent the parties' consent.  See Wilhelm Karmann GmbH v. Dura Convertible Systems, Inc. (In re Collins & Aikman Corp.), No. 06-11512, 2006 U.S. Dist. LEXIS 39669, at *3 (E.D. Mich. June 15, 2006).  Nonetheless, the Court further stated in that same case that, as a matter of judicial economy, its usual practice is to "permit[] the Bankruptcy Judge to manage the pre-trial phase of the litigation, with this Court revisiting the matter of withdrawal if and when the case is ready for trial."  Id.  The Court sees no reason to deviate from this practice here.[1]  Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to withdraw the reference is DENIED, but without prejudice to the opportunity to again seek this relief as appropriate at a later stage of this proceeding.

Dated:  October 29, 2007

                                                    s/Gerald E. Rosen
                                                    Gerald E. Rosen
                                                    United States District Judge

---

[1]The Court recognized in Wilhelm Karmann, 2006 U.S. Dist. LEXIS 39669, at *4 n.4, as it does here, that the local bankruptcy rules of this District require a party to file a motion to withdraw the reference "concurrently with the filing of the jury demand," and that a party who fails to do so is "deemed to have consented to the bankruptcy judge conducting the jury trial."  Local Rule 9015-1, U.S. Bankruptcy Court for the Eastern District of Michigan.  The Court further observed in Wilhelm Karmann, 2006 U.S. Dist. LEXIS 39669, at *3 n.3, as it does here, that a question may arise in a particular case as to whether a party is, in fact, entitled to a jury trial, whether because of a purported waiver or for some other reason.  Regardless of whether such a question has arisen or might eventually arise in this case, the Court need not address this issue at this juncture.

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2007, by electronic and/or ordinary mail.

                                       s/LaShawn R. Saulsberry
                                       Case Manager